UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: | ) |
| | ) Case No. 09-29684-MER |
| | ) |
| RAINBOW PARK DAIRY, INC. | ) Chapter 11 |
| EIN: XXX-XX-8963 | ) |
| | ) |
| Debtor. | ) |
| IN RE: | ) |
| | ) |
| WILLIAM C. MCCONNELL, | ) Case No. 09-29687-EEB |
| SSN: XXX-XX-9959 | ) |
| JO ELYN J. MCCONNELL | ) Chapter 11 |
| SSN: XXX-XX-7667 | ) |
| | ) |
| Debtors. | ) |
| RAINBOW PARK DAIRY, INC., | ) |
| WILLIAM C. MCCONNELL, an | ) |
| Individual, and JO ELYN J. MCCONNELL, | ) |
| an Individual, | ) Adversary Proceeding No. 09-01626 |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| DAVID BASHOR and ELIZABETH | ) |
| BASHOR, Individuals, | ) |
| | ) |
| Defendants. | ) |

**ANSWER OF DAVID BASHOR AND ELIZABETH BASHOR
TO COMPLAINT**

COME NOW David Bashor and Elizabeth Bashor, (hereinafter "Bashors"), by and through their counsel, Wick & Trautwein, LLC, by Blair J. Trautwein, and for their Answer to Complaint, state as follows:

1. Answering paragraph 1, Bashors admit the same.

2. Answering paragraph 2, the paragraph does not state facts and, therefore, does not require an answer. However, to the extent that the paragraph alleges facts, the allegations are denied.

3. Answering paragraph 3, the paragraph does not state facts and, therefore, does not require an answer. However, to the extent that the paragraph alleges facts, the allegations are denied.

4. Answering paragraph 4, Bashors deny a fraudulent transfer and deny any other facts alleged in paragraph 4.

5. Answering paragraph 5, Bashors admit the same except that they believe the McConnell bankruptcy was dismissed and, therefore, deny any allegations related to the McConnell bankruptcy.

6. Answering paragraph 6, Bashors admit the same.

7. Answering paragraph 7, Bashors admit they are individuals who reside in Colorado but deny they are the owners and operators of Rainbow Dairy. However, Bashors admit they own the dairy herd.

8. Answering paragraph 8, Bashors admit the same.

9. Answering paragraph 9, Bashors are without information sufficient to form a belief and, therefore, deny the same.

10. Answering paragraph 10, Bashors deny said paragraph as it is stated.

11. Answering paragraph 11, Bashors admit the Cow Lease Agreement and deny the remainder of paragraph 11.

12. Answering paragraph 12, Bashors are without information sufficient to form a belief and, therefore, deny the same.

13. Answering paragraph 13, Bashors are without information sufficient to form a belief and, therefore, deny the same, except to state that the events alleged in 2008 are irrelevant to the issues in this case.

14. Answering paragraph 14, Bashors are without information sufficient to form a belief and, therefore, deny the same, except to state that the events alleged in 2008 are irrelevant to the issues in this case.

15. Answering paragraph 15, Bashors are without information sufficient to form a belief and, therefore, deny the same, except they admit that the FDIC took over the assets and liabilities of the Bank as a Receiver.

16. Answering paragraph 16, Bashors are without information sufficient to form a belief and, therefore, deny the same.

17. Answering paragraph 17, Bashors are without information sufficient to form a belief and, therefore, deny the same. Defendants admit that New Frontier Bank was involved in the creation of the CLA.

18. Answering paragraph 18, Bashors are without information sufficient to form a belief as to how CLAs generally work and, therefore, deny the same. Bashors specifically deny that paragraph 18 describes what happened between the Bashors and Plaintiffs and specifically state that Bashors were to receive a bill of sale for the cows from third parties from whom the cows were to be purchased, that the Bashors put up significant assets as collateral in addition to the cows for the loan to purchase the cows, that New Frontier Bank was to file a security interest for the cows in favor of the Bashors, that the Bashors paid income tax on their unrelated income to the extent required, that the Bashors actually took the risk of disease, theft, death and loss of value of the herd, that the Bashors were unaware of the extent of New Frontier Bank's loans to Plaintiffs, and that the Bashors were not a family member, a board of director or a friend of New Frontier Bank.

19. Answering paragraph 19, Bashors are without information sufficient to form a belief and, therefore, deny the same and specifically deny that the CLA was a disguised financing agreement and that Plaintiffs have waived any right to so claim or are estopped to so claim.

20. Answering paragraph 20, Bashors are without information sufficient to form a belief and, therefore, deny the same, except they did not understand that the CLA was drawn up to solve any bank problems with the Rainbow Park loan.

21. Answering paragraph 21, Bashors are without information sufficient to form belief and, therefore, deny the same.

22. Answering paragraph 22, Bashors admit the CLA was signed by them on June 15, 2007 and that the lease is dated June 15, 2007. Bashors deny the remainder of the paragraph, except that they are without information as to whether the lease was entered into as of June 15, 2007 and, therefore, deny the date of entry.

23. Answering paragraph 23, Bashors admit they were lent money by NFB and that they were to lease 510 cows to Plaintiffs. Bashors deny the milk cows were to be purchased from Plaintiffs but instead Bashors affirmatively state that the cows were to be purchased from a third party. Bashors do not understand the second sentence of the paragraph as written and therefore deny the same and further state that some of the lease terms as stated in paragraph 23 of the lease are misstated and, therefore, deny the same to the extent that the same are misstated.

24. Answering paragraph 24, Bashors deny the same as stated.

25. Answering paragraph 25, Bashors deny the same as stated and to the extent that the same misstates the terms of the lease. The lease in its entirety speaks for itself.

26. Answering paragraph 26, Bashors deny paragraph 26(a), paragraph 26(c) and paragraph 26(d), stating that under the lease, the cows left Plaintiffs' property if Plaintiffs defaulted under the lease, that Plaintiffs' rights to the calves were subject to the obligation to keep the herd at 510 cows, and that Bashors took the risk of disease and death as well as loss of value of the cows and the right to provide the cows as collateral for their loan with NFB. Bashors admit that the lessees were entitled to the milk so long as the lease was not in default and admit that lessees were responsible for feeding the cows. Bashors deny the remainder of paragraph 26 of the Complaint.

27. Answering paragraph 27, Bashors deny the same as stated. Bashors admit that if the lease performed as expected, they would receive an income greater than the loan made to Bashors to purchase the cattle, although Bashors took the risk of loan loss, loss of value of collateral, and misuse of its assets by Plaintiffs including, but not limited to, selling all cows and keeping the proceeds, declaring bankruptcy and seeking to terminate the lease. In all, Bashors have lost several hundred thousand dollars as a result of the lease agreement. Bashors deny any other allegations in paragraph 27 of the complaint.

28. Bashors reallege their admissions and denials to paragraphs 1-27 of the Complaint as if fully set forth herein.

29. Answering paragraph 29, Bashors are without information sufficient to form a belief and, therefore, deny the same.

30. Answering paragraph 30, Bashors deny the same.

31. Answering paragraph 31, Bashors are without information sufficient to form a belief and, therefore, deny the same. Bashors specifically deny that Plaintiffs were "compelled" to enter into the Cow Lease Agreement.

32. Answering paragraph 32, Bashors deny the same.

33. Answering paragraph 33, Bashors deny the same.

34. Bashors reallege their admissions and denials to paragraphs 1-33 of the Complaint as if fully set forth herein.

35. Answering paragraph 35, Bashors are without information sufficient to form a belief and, therefore, deny the same.

36. Answering paragraph 36, Bashors deny the same.

37. Answering paragraph 37, Bashors deny the same.

38. Bashors reallege their admissions and denials to paragraphs 1 – 37 of the Complaint as if fully set forth herein.

39. Answering paragraph 39, Bashors deny the same.

40. Answering paragraph 40, Bashors deny the same.

41. Answering paragraph 41, Bashors deny the same, as the facts stated in paragraphs 39 and 40 are false and such falsity is known to Plaintiffs and Plaintiffs' counsel.

42. Answering paragraph 42, Bashors deny the same.

43. Answering paragraph 43, Bashors deny the same.

44. Bashors reallege their admissions and denials to paragraphs 1 – 43 of the Complaint as if fully set forth herein.

45. Answering paragraph 45, Bashors deny the same.

46. Answering paragraph 46, Bashors deny the same.

47. Answering paragraph 47, Bashors deny the same.

48. Bashors reallege their admissions and denials to paragraphs 1 – 47 if the Complaint as if fully set forth herein.

49. Answering paragraph 49, Bashors state that paragraph 49 does not call for an answer. To the extent that it calls for an answer, it is denied.

50. Bashors reallege their admissions and denials to paragraphs 1 – 49 of the Complaint as if fully set forth herein.

51. Answering paragraph 51, Bashors deny the same.

52. Answering paragraph 52, Bashors deny the same.

53. Answering paragraph 53, Bashors deny the same.

54. Answering paragraph 54, Bashors deny the same.

**GENERAL DENIAL**

55. Bashors deny any allegations not otherwise responded to herein.

**FIRST AFFIRMATIVE DEFENSE**

56. Several of the statements in the Complaint are known to the Plaintiff to be false justifying an award of attorney fees and costs to Defendants.

**SECOND AFFIRMATIVE DEFENSE**

57. The actions of Plaintiffs are to attempt to use the court system to engage in a theft of Bashors' ownership of the dairy cows.

**THIRD AFFIRMATIVE DEFENSE**

58. Plaintiffs were aware of and understood the terms of the Cow Lease Agreement and knowingly sold the cows to Bashors.

**FOURTH AFFIRMATIVE DEFENSE**

59. Plaintiffs, by their actions, and by signing the Agreement, have waived or are estopped to claim the Cow Lease Agreement was a "disguised loan arrangement."

**FIFTH AFFIRMATIVE DEFENSE**

60. Plaintiffs breached the terms of the lease and, pursuant to the default, Bashors are entitled to possession of the cows.

**SIXTH AFFIRMATIVE DEFENSE**

61. Bashors reserve the right to amend and/or allege additional affirmative defenses as the facts become known in this case.

WHEREFORE, Bashors pray for an order, as follows:

A.  Dismissing the Complaint;
B.  Finding the lease to be valid and determining ownership of the cows to be Bashors;
C.  For an award of attorney fees and costs; and
D.  For such other and further relief as the court deems proper in the premises.

RESPECTFULLY SUBMITTED this 12th day of November, 2009.

WICK & TRAUTWEIN, LLC

By: *[signature]*
Blair J. Trautwein, #25144
P.O. Box 2166
Fort Collins, CO 80522
Telephone:  (970) 482-4011
FAX:  (970) 482-8929
E-mail:btrautwein@wicklaw.com
(Attorneys for Respondents, David Bashor and Elizabeth Bashor)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of **ANSWER OF DAVID BASHOR AND ELIZABETH BASHOR TO COMPLAINT** was served this 12th day of November, 2009, by placing a copy of same in the United States Mail, first class mail, postage prepaid, with same addressed to:

Lee M. Kutner, Esq.
David M. Miller, Esq.
Kutner Miller Brinen, P.C.
303 E. 17th Avenue, Suite 500
Denver, CO 80203

United States Trustee
999 – 18th Street, Suite 1551
Denver, CO 80202

*/s/ Barbara L. Ahrman*